STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ASHBY H. FOX JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0312**  (BOR Appeal No. 2048785)
                              (Claim No. 2010105035)


**WEST VIRGNIA MINE POWER, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Ashby H. Fox Jr., by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Mine Power, Inc., by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2014, in which the Board affirmed an August 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 11, 2012, decision denying Mr. Fox's request for occupational therapy and a TENS unit. The Office of Judges also affirmed the claims administrator's August 10, 2012, decision denying Mr. Fox's request for retro-authorization for trigger point injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fox worked for West Virginia Mine Power, Inc., as a loader operator. Mr. Fox has been receiving treatment for his back as early as in 2000. On August 31, 2009, Mr. Fox developed severe low back pain after trying to raise himself up on a ladder. The claim was held

1

compensable for sprain/strain of the lumbar. Mr. Fox underwent a surgical decompression at L5/S1 on March 5, 2010, and received trigger point injections in his back on February 24, 2012, March 2, 2012, and March 9, 2012. Mr. Fox then requested occupational therapy, a TENS unit, and retro-authorization for the trigger point injections. Rakesh Wahi, M.D., noted that Mr. Fox returned to work the next day after the injury. Dr. Wahi found Mr. Fox to have reached maximum medical improvement on July 27, 2010, and required no additional treatment beyond non-narcotic pain medication. Jerry W. Scott, M.D., and Prasadarao B. Mukkamala, M.D., opined that the requested occupational therapy, TENS unit, and trigger point injections are directed at treating a pre-existing lumbar degenerative condition and not related to Mr. Fox's compensable lumbar sprain. On May 11, 2012, the claims administrator denied a request for occupational therapy and a TENS unit, and on August 10, 2012, the claims administrator denied a request for retro-authorization for trigger point injections because it found this treatment of Mr. Fox's degenerative condition is not causally related to the compensable injury.

The Office of Judges affirmed the claims administrator's May 11, 2012, and August 10, 2012, decisions and found Mr. Fox has failed to show by a preponderance of the evidence that the requested treatment is medically necessary for treatment of a compensable condition. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Fox disagrees and asserts that he has ongoing symptoms of his back injury and that occupational therapy and a TENS unit is medically reasonable treatment for this work injury. Mr. Fox further asserts that trigger point injections were performed based upon his severe lumbar and sacral pain with positive sacroiliac joint inflammation and that the treatment is reasonably related to this work injury. West Virginia Mine Power, Inc., maintains that the symptoms prior to the injury are substantially the same symptoms as those reported following the compensable injury. West Virginia Mine Power, Inc., further maintains that Mr. Fox recovered, returned to work, and was found to have reached medical maximum improvement by Dr. Wahi in July of 2010.

The Office of Judges noted that Mr. Fox has the burden of proving his claim and that proof must be based upon more than mere speculation. The Office of Judges stated that the request from Ronceverte Physician's Group for occupational therapy and a TENS unit is not in the record. Therefore, the Office of Judges found that there was no medical evidence in the record to show the occupational therapy and TENS unit are medically necessary for treatment of the compensable injury. Dr. Mukkamala and Dr. Scott are in agreement that the treatment requests are directed at treating a pre-existing lumbar degenerative condition and not related to Mr. Fox's compensable lumbar sprain. The Office of Judges determined that the opinions of Drs. Mukkamala, Wahi, and Scott are supported by the objective diagnostic evidence that showed degenerative disc disease and arthritic changes at L4/5 and L5/S1 levels within a few months of the compensable injury. Dr. Scott found that the degenerative disease could not be linked to the compensable injury because a degenerative disease does not develop over a matter of weeks. Dr. Wahi and Dr. Scott both opined that Mr. Fox has reached maximum medical improvement for his only compensable diagnosis of lumbar strain/sprain and requires no additional treatment beyond non-narcotic pain medication. Therefore, the Office of Judges concluded that in considering all the evidence Mr. Fox has failed to show by a preponderance of the evidence that the requested treatment is medically necessary for the compensable injury.

This Court agrees with the conclusions of the Board of Review and the findings of the Office of Judges. The request for occupational therapy and a TENS unit from Ronceverte Physician's Group is not in the record. Dr. Scott and Dr. Mukkamala both found the treatment requests are directed at treating a pre-existing lumbar degenerative condition and not related to Mr. Fox's compensable lumbar sprain. Dr. Wahi and Dr. Scott both concluded that Mr. Fox has reached maximum medical improvement. There is no evidence in the record that finds this treatment is medically necessary for treatment of the compensable injury. Additionally, the StreetSelect Grievance Board convened on May 1, 2012, to consider Mr. Fox's request for reconsideration of the denial of occupational therapy and a TENS unit. The StreetSelect Grievance Board also convened on August 7, 2012, to review Mr. Fox's request for reconsideration of the denial of retro-authorization for trigger point injections. The StreetSelect Grievance Board noted in both decisions that the claim is only allowed for a sprain/strain of the lumbar spine and that Mr. Fox recently had repeat MRI studies that showed new disc findings at L4/5. The StreetSelect Grievance Board concluded that the above treatment was recommended due to these new findings. Because the compensable injury was stabilized and the current treatment is related to new findings, the StreetSelect Grievance Board concluded in both decisions that the current problems are unrelated to the compensable injury. The StreetSelect Grievance Board found that the denial of occupational therapy, a TENS unit, and retro-authorization of trigger point injections is appropriate and should be affirmed. The Board of Review and the Office of Judges agreed with the StreetSelect Grievance Board. This Court affirms the findings of the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II